

**ORDERED in the Southern District of Florida on January 22, 2019.**

_____
**Raymond B. Ray, Judge
United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA**

In re:
CARLOS JUSTO and                                  Case No: 18-21499 RBR
IVETTE JUSTO,                                     Chapter 13
    Debtors.
_____/

### ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY

THIS CASE came to be heard on this  17th  day of January, 2019 at  1:00 p.m.  on the Debtors *Motion to Value and Determine Secured Status of Lien on Real Property Held by Venezia Homeowner's Association, Inc.* (DE  26 ; the "Motion"). Based upon the Debtors assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

    A.    The value of Debtors real property (the "Real Property") located at  5058 SW 170 Ave., Miramar, FL 33027 , and more particularly described as:

Lot 11, Block 6 of Riviera Isles 1, according to the Plat thereof, recorded in Plat Book 167, Page 28, Public Records of Broward County, Florida and all amendments thereto.

        is $  566,490.00  at the time of the filing of this case.

    B.    The total of all claims secured by liens on the Real Property senior to the lien of  Venezia Homeowners Association, Inc. (the "Creditor") is $  850.000.00 .

    C.    The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is $ __0.00__ and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. Lender has an allowed secured claim in the amount of $ __0.00__ .

3. Because Creditor's secured interest in the Real Property is $0, Creditor's lien recorded on __August 21, 2015__ at Instrument # 113184788 Pages __1__ in the official records of Broward County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Creditor's lien will no longer be considered void and shall be restored as a lien on the Real Property.

4. (Select only one):

    ___ Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

    or

    _x_ Lender filed a proof of claim # 19 in this case. It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $ _1,753.49_ , regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

# # #

Submitted by:
Samir Masri, Esquire, Law Offices of Samir Masri, 901 Ponce de Leon Blvd., 101, Coral Gables, FL 33134
*\* Samir Masri, Esquire is directed to forward a copy of this Order to all interested parties.*